## CHARLES PHELPS *vs.* HIRAM HENDRICK.

A mortgagee of personal property, who had foreclosed the mortgage, made an oral agree-ment, in presence of the mortgagor, with J. S., to whom the mortgagor had sold the property after the foreclosure, that if J. S. would pay him the amount due on the mort-gage, he would assign it to J. S. or discharge it. J. S. thereupon tendered the amount due; but the defendant refused to receive it and sold the property. *Held,* that the fore-closure had been waived, and the sale was a conversion, for which the mortgagee was lia-ble to J. S. in an action of tort.

TORT for the conversion of farming utensils. Writ dated April 12, 1869.

At the trial in the superior court, before *Dewey,* J., the plain-tiff offered evidence that on September 28, 1868, he purchased the chattels from William H. Cleaveland, subject to a mortgage from Cleaveland to the defendant, and that the defendant on the next day, claiming the property as his own under a foreclosure of the mortgage, caused a portion thereof to be sold by public auc-tion. The defendant gave in evidence the mortgage, dated Jan-uary 13, 1868, and notice of intention of foreclosure, given by him to Cleaveland on July 7, 1868. It also appeared that on September 28, 1868, the defendant made an oral agreement with the plaintiff, in the presence of Cleaveland, that if the plaintiff would pay him the amount then due on the mortgage, he would either assign the mortgage to the plaintiff or discharge it; and that on the next day the plaintiff, in accordance with this agree-ment, tendered to the defendant that amount, but the defendant refused to receive it and proceeded to sell the property.

A verdict was returned for the plaintiff, and the case was reported for the determination of the question whether upon these facts the plaintiff could maintain his action, the parties agreeing that, if he could do so, the case should be referred to an assessor; otherwise, the verdict be set aside, and judgment entered for the defendant. .

*C. A. Winchester*, for the defendant. The title to the chattels was vested absolutely in the defendant; and the agreement on September 28 was a sale or an agreement to sell, and as such within the statute of frauds. Gen. Sts. *c.* 105, § 5. If the agreement was to assign the note and mortgage, or to discharge the mortgage, it is also within the statute. *Baldwin* v. *Williams*, 3 Met. 367. *Warden* v. *Adams*, 15 Mass. 233, 236. *Maynard* v. *Hunt*, 5 Pick. 240. *Parker* v. *Barker*, 2 Met. 423. *Leavitt* v. *Pratt*, 53 Maine, 147. *Phillips* v. *Leavitt*, 54 Maine, 405. This action is tort in the nature of trover, and cannot be maintained, for the right of immediate possession was in the defendant. Tender of the money after breach of condition does not operate to reinvest the title in the mortgagor so as to enable him to recover at law; *Patchin* v. *Pierce*, 12 Wend. 61; *Chester* v. *Stevens*, 3 Denio, 33; and his remedy is either in equity, or in an action for money had and received. *Holmes* v. *Bell*, 3 Cush. 322. *Cranston* v. *Crane*, 97 Mass. 459, 465.

*H. Morris*, for the plaintiff.

GRAY, J. For the purposes of this decision, we may assume that there had been a breach of the condition of the mortgage, and that the notice of foreclosure was sufficient. But even in the case of a mortgage of real estate, a waiver or opening of a foreclosure may be proved, not only by an express agreement in writing, but by any other unequivocal act of the mortgagee. *Lawrence* v. *Fletcher*, 8 Met. 153; *S. C.* 10 Met. 344. *Joslin* v. *Wyman*, 9 Gray, 63. In the case of a mortgage of personal property, a distinct oral agreement of the mortgagee must be allowed the same effect. The promise made by the mortgagee in this case to the plaintiff, in the presence and with the consent of the mortgagor, on the same day as the plaintiff's purchase of the property from the latter, that he would assign or discharge the

mortgage on the payment of the amount due thereon, was such an agreement. The plaintiff, having immediately acted upon that agreement, and in compliance with its terms tendered to the defendant the amount due on the mortgage, which by virtue of the agreement was still unforeclosed, was entitled to the immediate possession of the property ; and the subsequent sale thereof by the defendant was a conversion, for which this action will lie.

*Judgment on the verdict for the plaintiff.*