AUGUSTUS PEROW COMPANY

*vs.*

LEWISTON SECURITY COMPANY.

Sagadahoc.    Opinion December 12, 1914.

*Foreclosure.    Interest.    Mortgage.    Promissory Note.    Public Laws, 1905,*
    *Chap. 90.    Public Laws, 1907, Chap. 97.    Revised Statutes,*
        *Chap. 46, Sec. 2.    Sale.    Waiver.*

The defendant held a note of the plaintiff for borrowed money, secured by a
    mortgage of chattels.  The mortgage had been foreclosed, and after the
    time of redemption had expired, one of the defendants, with an officer, went
    to the plaintiff's place of business prepared to replevy the goods mortgaged.
    The defendant demanded the money due on the note.  Afterwards, upon
    receiving the amount due on the note and mortgage, the defendant endorsed
    upon the mortgage the following:—"The within mortgage and the note which
    it secures having been paid in full, it is hereby discharged."  The plaintiff's
    claim was that the interest reserved in the note was in excess of six per cent
    per annum in contravention of the statutes.

*Held:*    That this transaction did not constitute a sale of the goods mortgaged to
    the plaintiff, but constituted a payment of the amount due on the note and a
    waiver by the defendant of their rights by reason of the foreclosure.

On motion and exceptions by defendants.    Motion and exceptions
overruled.

This is an action on the case, brought under Revised Statutes,
Chap. 46, Sec. 2, as amended by Chap. 90 of Public Laws of 1905, and
Chap. 97, of Public Laws of 1907, to recover from defendant interest
claimed to have been paid by plaintiff to defendant in excess of six
per cent per annum, reserved in the note held by defendant corpora-
tion against the plaintiff.    Plea, general issue and brief statement.
At the conclusion of the evidence, the presiding Justice directed the
jury to return a verdict for plaintiff for the sum of $104.62.    To this
direction, the defendant excepted and filed a general motion for a
new trial.

The case is stated in the opinion.
*Arthur J. Dunton*, for plaintiff.
*Newell & Skelton*, for defendant.

SITTING:  SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J.   This action on the case is brought under the provisions of R. S., Chap. 46, Sec. 2, as amended by Chap. 90, Public Laws, 1905 and Chap. 97, Public Laws, 1907, for the recovery of payments of interest alleged to have been made in excess of six per cent per annum in contravention of the provisions of these statutes.

The defendants held the note of plaintiff corporation, for borrowed money, secured by a mortgage of chattels.   The plaintiff claims that the rate of interest reserved violates the statute.   This is not controverted by defendants.   The mortgage was foreclosed and after the period of redemption had expired, one of the defendants repaired to the place of business of plaintiff with an officer provided with process for replevin of the goods mortgaged.   There is some difference in the accounts of the parties as to what was said but in view of subsequent occurrences and of the testimony of the officer, we conclude that the defendant declared that he had come for his money or the goods and, had a jury found otherwise, that their verdict could not be allowed to stand.   Plaintiff corporation undertook to procure the money demanded, which was the sum defendants claimed due upon the note.   Plaintiff later succeeded in obtaining the required sum, the goods in the meantime remaining in the custody of the officer.   Upon receiving this sum, the defendant who had had the negotiations with plaintiff, delivered note and mortgage to plaintiff, having made and signed in due form upon the mortgage the following indorsement:—

"The within mortgage and note which it secures having been paid in full it is hereby discharged."

Defendants assert that the transaction constituted a sale of the goods and not a payment of the note.   To this, for the reasons already set forth, we do not assent.   We conclude that plaintiff made payment of the amount due upon note and defendants waived their rights by foreclosure.   *Winchester* v. *Ball*, 54 Maine, 558, 560; see

also *Greene* v. *Dingley*, 24 Maine, 131, 137; *Stetson* v. *Everett*, 59 Maine, 376, 380; *Dow* v. *Moor*, 59 Maine, 118, 120; *Phelps* v. *Kendrick*, 105 Mass., 106.

Finding no error in the direction of the presiding Justice, the entry will be,

*Motion and exceptions overruled.*